UNITED STATES COURT OF INTERNATIONAL TRADE

```
-----------------------------------------------------------x
KEHOE COMPONENT SALES, INC.,          :
                                      :
                                      :
                  Plaintiff,          :
                                      :
            v.                        :     Court No. 22-00187
                                      :
UNITED STATES,                        :
                                      :
                  Defendant.          :
                                      :
-----------------------------------------------------------x
```

**CONSENT MOTION TO SET ASIDE DISMISSAL AND REOPEN CASE**

Pursuant to United States Court of International Trade ("USCIT") Rules 60(b) and 55(c), Plaintiff Kehoe Component Sales, Inc. respectfully moves this Court to: (1) set aside the Court's order entered on February 2, 2026 ("Dismissal Order"), *see* ECF No. 19, dismissing this case for failure to prosecute; (2) reopen this case; and (3) extend the time in which this case may remain on the Customs Case Management Calendar ("CMC") through July 31, 2026. Plaintiff believes that there is good cause to justify setting aside the dismissal and reinstating this case, as explained below.

This action was filed on July 6, 2022 and immediately placed on the CMC. This case remained on the CMC through January 31, 2026 pursuant to the Court's order entered on July 28, 2025. *See* ECF 16. As a result of a calendaring mistake counsel for plaintiff failed to file a timely motion under USCIT Rule 83(c) to remain on the CMC. The Clerk of the Court dismissed the action on February 2, 2026 due to "lack of prosecution pursuant to Rule 83(c)." The calendaring mistake occurred when, shortly after the Court's July 28, 2025 order, counsel's paralegal input the next deadline for this case into the firm's docketing system, but mistakenly

1

typed "0*7*/31/2026" instead of the correct date of 01/31/2026.  As a consequence of this clerical error, plaintiff's counsel overlooked the actual deadline of January 31, 2026 to file a motion to extend this action on the CMC.

Pursuant to USCIT Rule 83(d), an action may remain on the CMC for 48 months, running from the last day of the month in which the action is commenced until the last day of the 48th month thereafter. Accordingly, this case may remain on the CMC through July 31, 2026.

The issue in this case is the proper classification of certain heating blanket controllers, which are substantially similar to the merchandise covered by Case No. 19-00007 filed in this Court by plaintiff.  On January 23, 2026, plaintiff filed a motion for summary judgment in Case No. 19-00007.  Plaintiff had intended to keep case 22-00187 on the CMC and then seek suspension of this case under 19-00007 if the latter case was not resolved prior to July 31, 2026.

USCIT Rule 60(b) provides that upon a motion and just terms, the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."

Excusable neglect is assessed by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Horizon Prods. Int'l Inc.*, 34 F.Supp.3d 1365, 1367 (Ct. Int'l Trade 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). Furthermore, the court may consider "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 521 F.Supp.2d 1382, 1385 (Ct. Int'l Trade 2007) (citing *Pioneer*, 507 U.S. at 395).

All four (4) factors support a finding that plaintiff's neglect is "excusable."

### 1. Prejudice to the Defendant

The granting of this motion would not prejudice Defendant, as plaintiff's neglect has not caused any material delay in this case. As noted above, this case concerns the proper classification of merchandise substantially similar to that covered by Case No. 19-00007, in which plaintiff recently filed a motion for summary judgment. An extension of time will allow plaintiff to continue its litigation in Case No. 19-00007 and allow for discussion with defendant's counsel of possible resolutions of both cases.

### 2. Length of Delay and Impact on the Court

The length of delay is minimal and has not caused any material delay in this case. The time remaining on the CMC for this case expired on January 31, 2026. Plaintiff is acting diligently by filing this motion only two days after entry of the Dismissal Order.

### 3. Reason for the delay

Plaintiff's failure to file a timely motion to extend the time for this case to remain on the CMC was purely the result of a clerical mistake and inadvertence. In managing the case deadlines in the firm's internal docketing system, an incorrect date was mistakenly entered for this case. The deadline to file a motion to extend time on the CMC was entered as July 31, 2026, rather than January 31, 2026. This was an unintentional clerical error.

### 4. Good faith

The inadvertence that led to the filing of this motion was not part of a pattern of disregard for the court's rules or filing deadlines. A clerical error was made in an internal docketing system. Plaintiff respectfully submits that justice would be best achieved by granting this motion, which would result in no prejudice to the defendant.

For all these reasons, plaintiff believes there is ample support for a finding that plaintiff's neglect is "excusable" for purposes of USCIT Rule 60(b), and that the circumstances described above warrant setting aside the Dismissal Order in the interests of justice.

Undersigned counsel conferred with Government attorney Mathias Rabinovitch in the preparation of this motion. On February 4, 2026 plaintiff's counsel obtained the Government's consent for the relief requested by this motion.

        Respectfully submitted,

        GRUNFELD, DESIDERIO, LEBOWITZ,
        SILVERMAN & KLESTADT LLP
        599 Lexington Avenue, 36th floor
        New York, New York 10022
        Tel. (212) 557-4000

By: */s/ Katherine A. Dobscha*
    Katherine A. Dobscha

Dated: February 4, 2026
       New York, New York

15127562_1